IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE CHACON,

    Plaintiff,

vs.                                                                                                                              No. CIV 17-0278 JB/LF

ALBUQUERQUE POLICE DEPARTMENT,
BENJAMIN DAFFRON (A.P.D.); JONATHAN
FRANCO (A.P.D.),

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March 1, 2017 (Doc. 1)("Complaint"). Plaintiff Jorge Chacon is incarcerated, appears pro se, and is proceeding in forma pauperis. He asserts that Defendants Benjamin Daffron and Jonathan Franco, who are Police Officers with the Albuquerque Police Department ("APD"), used excessive force during his December, 2015, arrest. Having reviewed the matter sua sponte under 28 U.S.C. § 1915A, the Court will dismiss the Complaint for failure to state a cognizable claim, but grant leave to amend.

## FACTUAL BACKGROUND

For the limited purposes of this ruling, the Court assumes the following facts from the Complaint are true. On December 3, 2015, Daffron and Franco approached Chacon in an alley near California Street in southeast Albuquerque, New Mexico. See Complaint at 2. They instructed Chacon to stop and to get on the ground. See Complaint at 2. As he was attempting to comply, one of the officers grabbed Chacon, slammed him down to the ground, and thrust his knees into Chacon's head and ribs. See Complaint at 2. The officer also directed Chacon to "quit resisting," although Chacon alleges that he was not resisting arrest. See Complaint at 2.

The officer then grabbed Chacon's right arm, forced it up towards Chacon's head until it made a popping sound, and thrust his knee into Chacon's back. See Complaint at 2. Chacon informed the officer that he recently had open heart surgery, and was experiencing pain in his chest and elbow. See Complaint at 2. The officer initially refused to listen, but eventually called an ambulance. See Complaint at 2. When Chacon arrived at the University of New Mexico Hospital, the medical providers discovered a fracture in his right elbow. See Complaint at 2. At some point Chacon inquired why he was arrested, but the Daffron and Franco refused to answer. See Complaint at 2. After Chacon was transported to the Metropolitan Detention Center, he learned that Daffron and Francisco arrested him for a crime he did not commit. See Complaint at 2. The state court eventually dismissed the case, but Chaco "still did time." Complaint at 2.

**PROCEDURAL BACKGROUND**

Based on the foregoing, Chacon raises claims under 42 U.S.C. § 1983, and assault against Defendant Albuquerque Police Department, Daffron, and Franco. See Complaint at 1. See Complaint at 1. Chacon's claims include excessive force, false arrest, and assault. See Complaint at 1-4. Chacon seeks five million dollars in damages. See Complaint at 5.

**LAW REGARDING REVIEW OF PRISONER COMPLAINTS**

Title 28 of the United States Code, § 1915A, imposes a mandatory obligation on district courts to screen "before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner[1] seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(A)(a). Section

---

[1] Congress defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Chacon was incarcerated when he filed the Complaint and is still incarcerated. He is therefore a prisoner as defined § 1915A defines that term. See Brown v. Eppler, 725 F.3d 1221, 1230 (10th Cir. 2013)(holding that § 1915A applies to individuals who are incarcerated at the time of filing).

"1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officers, or employee." Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000). On review, the court must dismiss the action if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The standards used for rule 12(b)(6) of the Federal Rules of Civil Procedure guide review under § 1915A. See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). To resist dismissal under that rule, the plaintiff must frame a complaint that contains sufficient facts to "'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. Section 1915A expands this inquiry, however, by granting courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims" that the record belies. Neitzke v. Williams, 490 U.S. 319, 327 (1989)(construing 28 U.S.C. § 1915(d)(1988), which is now 28 U.S.C. § 1915(e)(2)(B)(i)). See Lee v. Maye, 589 Fed. App'x 416 (10th Cir. Jan. 7, 2015)(Gorsuch, J.)(applying Neitzke v. Williams to § 1915A).

Where the prisoner is proceeding pro se, the "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellman, 935 F.2d at

1110.  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."  Hall v. Bellman, 935 F.2d at 1110.

Finally, in deciding whether to dismiss the complaint on screening, the Court must consider whether to allow the plaintiff an opportunity to amend the complaint.  See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  The Court should freely give leave to amend "where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements . . . ."  Reynoldson v. Shillinger, 907 F.2d at 126.  The Court need not grant leave to amend, however, if any amended claims would also be subject to immediate dismissal under rule 12(b)(6) or § 1915A.  See Hall v. Bellman, 935 F.2d at 1109; Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Section 1983 creates only the right of action; and it does not create any substantive rights; substantive rights must come from the Constitution of the United States of America or from a federal statute.  See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights . . . ." (internal quotation marks, alteration, and citation omitted)).  Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights.  To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of

state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States of America has clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006))(internal quotation marks omitted). The Tenth Circuit also recognizes that Ashcroft v.

Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, 2011 WL 7444745, at *25-26 (D.N.M. 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

Dodds v. Richardson, 614 F.3d at 1199. The Tenth Circuit has noted, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200. More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01. The specific example that the Tenth Circuit used to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614

F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court concluded, in Rizzo v. Goode, that there was a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations." Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## ANALYSIS

Having carefully screened the Complaint, the Court determines that it fails to state a claim upon which relief can be granted, for four reasons. First, the APD is not a suable entity under § 1983. Second, Chacon has not identified which officer allegedly applied the excessive force. Third, Chacon alleges Daffron and Franco were not acting under the color of state law. Finally, Chacon has not alleged sufficient facts supporting his claims for false arrest or assault. The Court will dismiss the Complaint without prejudice, and it will allow Plaintiff to file an amended complaint within thirty days of entry of this Memorandum Opinion and Order.

**I.      CHACON DOES NOT STATE A § 1983 CLAIM AGAINST APD.**

Applying Tenth Circuit law, the Court has held that "'police departments . . . are not suable entities under § 1983, because they lack legal identifies apart from the municipality.'" Young v. City of Albuquerque, 77 F.Supp.3d 1154, 1186 (D.N.M. 2014)(Browning, J.)(alteration in the original)(quoting Ketchum v. Albuquerque Police Dep't, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992)(Table Dec.)). See Henry v. Albuquerque Police Dep't, 49 Fed. App'x. 272, 274 n. 1 (10th Cir.2002)("The district court properly relied on an unpublished decision from this court holding that the Albuquerque Police Department lacks a legal identity apart from the City of Albuquerque."); Martinez v. Winner, 771 F.2d 424, 444 (10th Cir.1985) (holding that the City of Denver Police Department is not a suable entity). The Court therefore dismisses Chacon's claims against APD.

The Court also observes that, to the extent Chacon intends to sue the City of Albuquerque, the Complaint still fails to a state a claim upon which relief can be granted. As discussed above, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "[L]ocal governments are responsible only for 'their *own* illegal acts.'" Connick v. Thompson, 563 U.S. 51, 60 (2011)(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986)). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. at 694.

The Tenth Circuit has described several actions that may constitute a municipal policy or custom:

> A municipal policy or custom may take the form of (i) "a formal regulation or policy statement"; (ii) an informal custom "amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law"; (iii) "the decisions of employees with final policymaking authority"; (iv) "the ratification by such final policymakers of the decisions -- and the basis for them -- of subordinates to whom authority was delegated subject to these policymakers' review and approval"; or (v) the "failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused."

Bryson v. City of Okla. City, 627 F.3d 784, 788 (10th Cir. 2010)(citations omitted).

The Complaint only includes facts about the conduct of two officers during his arrest. See Complaint at 2. There is indication that a municipal policy or custom caused the alleged violation. Therefore, Chacon has not failed to allege a claim against any entity defendant.

## II. EACH OFFICER'S ROLE IN THE WRONGDOING IS UNCLEAR.

To state a claim under § 1983, "it is particularly important . . . that the complaint make clear exactly <u>who</u> is alleged to have done <u>what</u> <u>to</u> <u>whom</u>, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in original). See Trask v. Franco, 446 F.3d 1036, 1045-1046 (10th Cir. 1998)(holding that a § 1983 plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution). Here, Chacon alleges that Daffron and Franco both directed him to stop, but then merely refers to "one of the officers" when describing the alleged application of force. See Complaint at 2. It is also unclear what role, if any, the second officer played during the struggle. See Complaint at 2. "[W]ith no distinction as to what acts are attributable to whom, it is impossible for . . . these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." Robbins v. Oklahoma, 519 F.3d at 1250. Chacon has therefore failed to state a claim against Daffron or Franco.

## III. IT IS UNCLEAR WHETHER OFFICERS DAFFRON AND FRANCO ACTED UNDER THE COLOR OF STATE LAW.

Section 1983 is the only "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a person acting under color of state law." McLaughlin v. Bd. of Trs., 215 F.3d 1168, 1172 (10th Cir. 2000). The Complaint, as currently drafted, does not meet this test. After providing a space for each Defendant's name, the Complaint asks: "At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?" See Complaint at 1-2. Chacon checked the box marked "No" with respect to both Daffron and Franco. See Complaint at 1-2. The

Complaint, therefore, does not state a claim under § 1983. If Daffron and Franco were in fact acting under color of state law during the arrest, and Chacon checked the wrong box, he needs to explain that necessary element in his amended pleading.

### III.  THE COMPLAINT DOES NOT STATE A CLAIM FOR FALSE ARREST OR ASSAULT.

Chacon's primary grievance is excessive force, and all of his factual allegations concern the manner of his arrest. See Complaint at 2. If Chacon cures the above defects, his excessive force claims may survive initial review under 28 U.S.C. § 1915A. The Complaint also includes, however, claims for false arrest (Count II) and assault (Count III), based on the same facts supporting the excessive force claim. See Complaint at 3-4. For the reasons discussed below, these claims fail.

The constitutional tort of false arrest occurs when officers arrest a person without legal process. See Wallace v. Kato, 549 U.S. 384, 389-90 (2007). "Depending on the circumstances of the arrest, a plaintiff can challenge the institution of legal process as wrongful in one of two ways." Wilkins v. DeReyes, 528 F.3d 790, 798 (10th Cir. 2008). In the absence of a warrant, courts examine whether the arresting officers had probable cause. Wilkins v. DeReyes, 528 F.3d at 798. "[I]f arrested pursuant to a warrant, plaintiff can challenge the probable cause determination supporting the warrant's issuance." Wilkins v. DeReyes, 528 F.3d at 798. The Complaint does not indicate whether the Defendants were acting pursuant to a warrant, and Chacon's allegations do not describe the circumstances surrounding his arrest. See Complaint at 1-5. The Complaint does not, therefore, state a claim for false arrest.

The Court assumes Chacon's claim for assault sounds in state law, as "[f]ederal law neither created [the claim] . . . nor is federal law a necessary element of it." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1025 (10th Cir. 2012). See Pena v. Greffet, 108 F. Supp. 3d 1030, 1048

(D.N.M. 2015)(Browning, J.)(applying state law to assault and battery claim asserted in connection with § 1983 complaint). New Mexico courts have stated that "the elements of civil and criminal assault and battery are essentially identical." New Mexico v. Ortega, 1992-NMCA-003, ¶ 12, 827 P.2d 152, 155. A tortfeasor is liable for battery if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) an offensive contact with the person of the other directly or indirectly results." New Mexico v. Ortega, 1992-NMCA-003, ¶ 12, 827 P.2d at 155 (quoting Restatement (Second) of Torts § 18(1)(a)-(b) (1965)).

"An 'officer can be held liable for assault and battery if he uses excessive force.'" Pena v. Greffet, 108 F.Supp.3d at 1048 (Browning, J.)(quoting Adegbuji v. Middlesex Cty., No. CIV 03-1757, 2006 WL 2806289, at *12 (D.N.J. Sept. 28, 2006)(Sheridan, J.)). When analyzing whether an officer's actions create liability for tort claims, the officer's perspective is the central focus; the reasonableness of an officer's use of force is measured "from the perspective of the officer on the scene, with the understanding that officers must often make split-second decisions in difficult situations." Archuleta v. Lacuesta, 1999-NMCA-113, ¶ 8, 988 P.2d 883, 885. As explained above, Chacon's allegations contain no information about the circumstances surrounding his arrest, nor does the Complaint even identify the offending officer. Chacon's bald claim for assault therefore fails.

For the reasons above, the Court concludes Chacon's Complaint does not state a claim upon which relief may be granted. The Court will therefore dismiss the Complaint without prejudice and permit Plaintiff to file an amended complaint within 30 days of entry of this order. If Chacon declines to timely file an amended complaint or files an amended complaint that again fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

**IT IS ORDERED** that: (i) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed March 1, 2017 (Doc. 1), is dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted; and (ii) the Plaintiff may file an amended complaint within thirty days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jorge Chacon
Torrance County Detention Center
Estancia, New Mexico

    *Plaintiff Pro Se*