IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE CHACON,

    Plaintiff,

vs.                                                                                            No. CIV 17-0278 JB\LF

ALBUQUERQUE POLICE DEPARTMENT;
BENJAMIN DAFFRON (A.P.D.);
JONATHAN FRANCO (A.P.D.),

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to file an amended civil rights complaint. Plaintiff Jorge Chacon is incarcerated, appears pro se, and is proceeding *in forma pauperis*. Having reviewed the matter under 28 U.S.C. §§ 1915 and 1915A, the Court will dismiss this action without prejudice for failure to prosecute.

Chacon filed his original Civil Rights Complaint on March 1, 2017 (Doc. 1)("Complaint"). He alleges that Albuquerque Police Officers Benjamin Daffron and Jonathan Franco used excessive force during his December 2015, arrest. See Complaint at 2. Daffron and Franco allegedly stopped him in an alley, slammed him to the ground, and fractured his right elbow. See Complaint at 2. They also allegedly disregarded Chacon's warnings that he was experiencing pain in his chest and elbow following an open-heart surgery. See Complaint at 2. The Complaint raises claims under 42 U.S.C. § 1983 for excessive force, false arrest, and assault against the Albuquerque Police Department, Daffron, and Franco. See Complaint at 1-4.

By a Memorandum Opinion and Order, filed August 31, 2018 (Doc. 12)("MOO"), the

Court dismissed the Complaint for failing to state a cognizable claim. See MOO at 12. The Court identified four important defects with the original pleading: (i) police departments are not suable entities under 42 U.S.C. § 1983, and there is no indication that a City of Albuquerque policy caused the alleged constitutional violation; (ii) each officer's role in the wrongdoing is unclear; (iii) the Complaint indicates that the Defendants were not acting under the color of state law; and (iv) the allegations fail to state a cognizable claim for false arrest or assault. See MOO at 7-11. Consistent with Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991), the Court granted Chacon thirty days to amend his Complaint to cure the pleading defects. The Court also provided detailed guidance about what the amended complaint must allege to survive initial review. See MOO at 7-11.

Chacon did not file an amendment or respond to the MOO. Instead, the Court received a returned copy of the MOO with the notation: "Return to Sender. Refused. Unable to Forward." See Mail Returned as Undeliverable, filed September 10, 2018 (Doc. 13). The Court searched various inmate databases to locate Chacon's new address, but he did not appear on any state or federal list. It appears that Chacon has been transferred or released from custody without him advising the Court of his new address, as D.N.M. L.R.-Civ. 83.6 requires. The Court therefore will dismiss this action without prejudice based on Chacon's failure to prosecute. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980)("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. The same is true of simple, nonburdensome local rules . . . ." (citation omitted)); Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders.");

Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").

**IT IS ORDERED** that: (i) this civil rights action is dismissed without prejudice; and (ii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jorge Chacon
Torrance County Detention Center
Estancia, New Mexico

    *Plaintiff pro se*